UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

DONALD WILLIAMS,

        Plaintiff,                Case No. 1:07-CV-1226

v.                                          Hon. Robert J. Jonker

ROGER WADE, et al.,

        Defendants.

_____/

## **ORDER**

The Court has reviewed the Magistrate Judge's Report and Recommendation (docket # 27) filed on October 29, 2008. The Report recommended granting Defendants' motion to dismiss or for summary judgment as to the claims against Warden Curtin, and denying the motion as to claims against Defendant Wade. Defendants have not objected to the Report. Plaintiff filed his Objection to the Report and Recommendation (docket # 28) on November 28, 2008, more than 10 days after the Report issued, but within the extended time permitted by the Magistrate Judge (docket # 26).

Under the Federal Rules of Civil Procedure, when a party files timely objections to a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). The Court has conducted a de novo review of the record here, and the Court concludes that Magistrate Judge Brenneman's Report and Recommendation is factually sound and legally correct.

The case involves Plaintiff's claim that Defendant Wade, a prison guard, violated Plaintiff's Eighth Amendment rights 1) by intentionally closing a prison door on Plaintiff's fingers, resulting in the severing of Plaintiff's fingertip; and 2) by denying him medical care for the injury. Plaintiff further claims that Warden Curtin must have known of Defendant Wade's propensity to slam doors in ways that risked serious injury to prisoners, and must have chosen to do nothing about it. Plaintiff does not claim that Warden Curtin was in any way personally involved in the incident at issue here. Rather, Plaintiff argues simply that Warden Curtin knew about the event, at least after the fact in responding to Plaintiff's grievance, and did nothing to stop or discourage it.

On this record, the Magistrate Judge properly concluded that genuine issues of material fact preclude summary judgment for Defendant Wade, and no party objects to that conclusion. The Magistrate Judge also properly concluded that Plaintiff's claims against Warden Curtin, a person who had no direct personal involvement in the underlying incident causing injury, did not rise to the level required for a *respondeat superior* claim under *Monell v. Dep't of Social*

*Services*, 436 U.S. 658 (1978).  Nothing in Plaintiff's objection meets the *Monell* standard for *respondeat superior* claims.  In particular, nothing on the record suggests—much less creates a genuine issue of fact for trial—that Warden Curtin encouraged Defendant Wade's specific conduct here, or otherwise directly participated in the incident.

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge, filed October 29, 2008, is approved and adopted as the opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants' motion to dismiss, or for summary judgment (docket # 12), is **GRANTED** as to Defendant Warden Curtin, and **DENIED** as to Defendant Wade.

Dated:   February 25, 2009            /s/ Robert J. Jonker
                                                       ROBERT J. JONKER
                                                       UNITED STATES DISTRICT JUDGE